IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

EARLYN FRANCES HAYCRAFT,          )
                                  )
               Plaintiff,         )    **CIVIL ACTION**
                                  )
v.                                )    No.  13-1254-MLB
                                  )
FIDELITY MANAGEMENT CORP.,        )
                                  )
               Defendant.         )
_____)

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion for summary judgment. (Doc. 59). The motion has been fully briefed and is ripe for decision. (Docs. 60, 75, 77). Defendant's motion is granted for the reasons herein.

**I.    Pro Se Status**

Before analyzing defendant's motion for summary judgment, the court notes plaintiff is not represented by counsel. It has long been the rule that pro se pleadings, including complaints and pleadings connected with summary judgment, must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998). This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction. Hall, 935 F.2d at 1110. Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See id. Plaintiff is expected to construct her own arguments or theories and adhere to the same rules of

procedure that govern any other litigant in this district. See id.; Hill, 14 F. Supp.2d at 1237.

On April 3, 2014, this court conducted a hearing and plaintiff appeared in person. The court explained the significance of defendant's motion for summary judgment and provided plaintiff with a copy of this court's rules. The court admonished plaintiff about her responsibility to comply with the procedural rules pertaining to motions. (Doc. 72).

Finally, notwithstanding plaintiff's past conduct and her somewhat bizarre conduct and statements at the April 3 hearing, the court is satisfied that plaintiff has been fully heard in connection with this matter. In this regard, the court notes that plaintiff was represented by counsel at her deposition and that her response to defendant's summary judgment motion is sufficiently compliant with the rules to permit summary disposition.

## II. Summary Judgment Standards

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists so that a rational trier of fact could resolve the issue either way and an issue is "material" if under the substantive law it is essential to the proper disposition of the claim. Adamson v. Multi Community Diversified Svcs., Inc., 514 F.3d 1136, 1145 (10th Cir. 2008).

Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegation or denials of [her] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Plaintiff failed to respond to facts numbered 39 through 77, therefore they are deemed uncontroverted. Additionally, plaintiff responded to several facts by stating "the allegations of this paragraph are denied." Plaintiff, however, did not set forth specific facts showing that there is a genuine dispute as to the existence of those statements of fact. Defendant properly supported its statements of facts with citations to evidence in the record. Therefore, plaintiff cannot properly deny a fact without citing to evidence in the record. Plaintiff's general denials are not sufficient to controvert defendant's properly supported facts and they will be deemed uncontroverted. Diaz v. Paul J. Kennedy Law Firm, 289 F.3d 671, 674 (10th Cir. 2002)("While plaintiff['s] pro se pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, plaintiff must nonetheless set forth sufficient facts to support [her] claims.")

**III. Facts**

Defendant owns Ponderosa Apartments in Wichita, Kansas. Plaintiff signed a lease with defendant in March 2010. The lease was renewed in March 2011 and March 2012. The lease required plaintiff to have "due regard for the comfort, convenience, and pleasure of the other residents of the community." (Doc. 60, exh. B at 2). Plaintiff's apartment was on the ground floor and defendant provided

plaintiff with a handicapped parking spot in front of the apartment.

In June 2012, plaintiff's behavior changed. Plaintiff drove around the complex and honked her horn at residents. Plaintiff set off the panic button on her van when residents walked by. Plaintiff wrote down residents' license plate numbers and took pictures of residents' cars. Plaintiff took pictures of residents and their children. Plaintiff yelled at residents and called them names. The residents began filing complaints with Nicole Plummer, the property manager, about plaintiff's conduct.

On June 12, Plummer served plaintiff with a Notice to Quit and Vacate for violating the lease agreement. The notice stated that plaintiff violated section 8.15 which required plaintiff to have due regard for the comfort of other residents, not commit any nuisance and not use abusive language towards residents and staff. The notice gave plaintiff fourteen days to correct her behavior or she was required to vacate the apartment in thirty days. Plaintiff, however, continued to engage in the same behavior. Plaintiff continued taking pictures of residents and children, accused Plummer of inappropriate sexual behavior and made a gun shooting gesture at Plummer.

On June 21, plaintiff met with representatives from Hatfield Mobility regarding a power wheelchair. Plaintiff then approached Plummer and asked about a threshold ramp for her front door. That same day, Plummer wrote plaintiff a letter and asked plaintiff to submit a request for the modification along with the specifications for the ramp. Plaintiff did not submit any further request and refused to speak with Plummer when she called plaintiff about the ramp. Plaintiff also attached a note on her door stating that she

-4-

would not talk to anyone and that she had a lawyer working for her.

On June 26, Plummer served plaintiff with a Notice to Terminate Tenancy effective July 12. On July 2, plaintiff had an altercation with another resident and the police were called. Later that day, plaintiff stuck an audio recording device in Plummer's face for 5 to 10 minutes. Plaintiff did not vacate the apartment on July 12. On July 13, plaintiff got into an altercation with another resident at the laundry facility. Plaintiff followed the resident to her apartment and stood outside the door, yelling, for more than 30 minutes. Some residents complained and requested management evict plaintiff from the apartments.

On July 31, Judge Goering of the Eighteenth Judicial District for the Kansas District Court held a bench trial on defendant's motion for a forcible detainer. Judge Goering found that plaintiff was interfering with the residents' use and enjoyment of the property and entered judgment in favor of defendant. Plaintiff was evicted on July 31, 2012.

On July 1, 2013, plaintiff filed this action alleging claims of discrimination in violation of the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA). Defendant now moves for summary judgment on both claims.

**IV. Analysis**

    **A. ADA Claim**

Plaintiff alleges that defendant failed to make reasonable accommodations which were necessary for her, as a handicapped person, to enjoy the apartment. Defendant contends that plaintiff's ADA claim must fail because an apartment complex is not a place of public

accommodation.

Title III of the ADA requires any person who owns, leases, or operates a place of public accommodation to conform to certain accessible design standards. See 42 U.S.C. § 12181, et. seq. Title III and the regulations promulgated to implement it define "place of public accommodation" as a "facility, operated by a private entity, whose operations affect commerce and fall within at least one" of twelve specified categories. 28 C.F.R. § 36.104. The categories list various private entities that qualify as public accommodations. See 42 U.S.C. § 12181(7)(E). Apartment complexes are not included in the list. Therefore, plaintiff cannot maintain her ADA claim against defendant. See, e.g., Lancaster v. Phillips Inv., LLC, 482 F. Supp.2d 1362, 1366 (M.D. Ala. 2007) ("Title III of the ADA does not apply to residential facilities.")

Defendant's motion for summary judgment on plaintiff's ADA claim is granted.

**B.   FHA Claim**

The FHA's stated purpose is "to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. Plaintiff alleges that defendant refused to make reasonable modifications[1] so that she could have access to her apartment and

---

[1] Plaintiff's complaint alleges that defendant failed to make reasonable accommodations. The Tenth Circuit has held that a reasonable accommodation claim under the FHA involves a change in a rule or policy to make its burden less onerous on a handicapped individual. Bangerter v. Orem City Corp., 46 F.3d 1491, 1501-02 (10th Cir. 1995). Here, plaintiff has not identified a policy or rule adopted by defendants which is generally applicable and burdensome on handicapped individuals. Therefore, a "reasonable accommodation [claim] is simply inappropriate." Id.

-6-

evicted her because she is handicapped.

### 1. Modification Claim

Plaintiff alleges that defendant refused to make a requested modification to her front door. Under the FHA, a property owner discriminates when it "refus[es] to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied . . . by such person if such modifications may be necessary to afford such person full enjoyment of the premises . . ." 42 U.S.C. § 3604(f)(3)(A).

To succeed on this claim, plaintiff must establish that defendant refused to permit the modification and that the modification was needed. See id.; see also DuBois v. Assoc. of Apartment Owners of 2987 Kalakaua, 453 F.3d 1175, 1179 (9th Cir. 2006), Overlook Mut. Homes, Inc. v. Spencer, 666 F. Supp.2d 850, 855 (S.D. Ohio 2009). Plaintiff has not done so. The evidence before the court is that plaintiff sought approval for a modification, defendant asked for the specifications of the modification and plaintiff refused to respond. Defendant did not refuse to allow plaintiff to modify her entry door. Moreover, plaintiff has not shown that the modification was necessary. The evidence before the court is that the parking lot and plaintiff's entrance are all on the ground level and there are no curbs. There is no evidence to establish that plaintiff needed a modification to the front door in order to enter her apartment comfortably.

Therefore, plaintiff has failed to establish that defendant discriminated against her by refusing to allow her to modify her apartment. Defendant's motion for summary judgment on this claim is granted.

### 2. Eviction

Plaintiff asserts that she was evicted because she requested a modification to her apartment. The Tenth Circuit has not addressed a claim of FHA retaliation. The circuits which have addressed such a claim utilize the McDonnell Douglas burden shifting analysis applicable to other retaliation claims. See, e.g., Walker v. City of Lakewood, 272 F.3d 1114, 1128 (9th Cir. 2001). First, plaintiff must show that 1) she engaged in protected activity; 2) defendant subjected her to an adverse action; and 3) a causal link exists between the protected activity and the adverse action. Id. If plaintiff presents a prima facie retaliation claim, the burden shifts to defendant to articulate a legitimate nondiscriminatory reason for its decision. If defendant articulates a reason, plaintiff bears the burden of demonstrating that the reason was merely pretext for a discriminatory motive. Id.

The first element requires plaintiff to have engaged in protected activity. Plaintiff did request a modification and defendant does not contend that the first element has not been met. The second and third elements are met because plaintiff was evicted and the proceedings occurred in close temporal proximity to her request for modification. Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999) ("[W]e have held that a one and one-half month period between protected activity and adverse action may, by itself, establish causation.")

The burden then shifts to defendant to articulate a legitimate reason for plaintiff's eviction. Defendant has presented uncontroverted evidence which establishes that plaintiff was evicted

because she continuously interfered with other residents.  Therefore, defendant has met its burden.

Plaintiff is now required to show that defendant's reason was pretext for discrimination.  Plaintiff has failed to produce any evidence that defendant's reason for the eviction was pretext, i.e., that defendant's real reason for the eviction was because plaintiff requested a modification to her apartment.  Notably, the notice to vacate was delivered to plaintiff ten days prior to plaintiff's request for the modification.

Defendant's motion for summary judgment on plaintiff's retaliation claim is therefore granted.

**V.   Conclusion**

Defendant's motion for summary judgment (Doc. 59) is granted. The clerk is ordered to enter judgment in favor of defendant.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992).  The response to any motion for reconsideration shall not exceed 3 double-spaced pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this  9th    day of July 2014, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE